# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sheila Iverson, Jack W. Simmer and         Civil No. 11-2225  MJD/AJB
Sheri L. Simmer, Daniel R. Wiedewitsch
and Colleen R. Wiedewitsch, Pamela
Owens, Daniel D. Johannsen, Claudia
Nelimark and Arthur Peterson, Belinda N.
LeClair and Mark B. Leclair, Jeffrey
Robert Busch, and Leanne M. Block,

                Plaintiffs,

                                         **REPORT AND RECOMMENDATION**
v.                            **ON DEFENDANTS' MOTIONS TO DISMISS**

Wells Fargo Bank, N.A.,
MERSCORP, Inc., Mortgage
Electronic Registration Systems, Inc.,
HSBC Bank USA, N.A., et al., and
Shapiro & Zielke, LLP

                Defendants.


        William B. Butler, Esq., Butler Liberty Law, LLC, for the plaintiffs;

        Evan A. Fetters, Esq., Trista Roy, Esq., Michael J. Steinlage, Esq., and Charles F
Webber, Esq., Faegre Baker Daniels LLP,  for defendants Wells Fargo Bank, N.A.,
MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., and HSBC Bank
USA, N.A., and

        Kristine M. Spiegelberg Nelson, Esq., for defendant Shapiro & Zielke, LLP.


        This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on

separate motions to dismiss by defendant Shapiro & Zielke, LLP [Docket No. 28] and

defendants Wells Fargo Bank, N.A., MERSCORP, Inc., Mortgage Electronic Registration

Systems, Inc. ("MERS"), and HSBC Bank USA, N.A. (collectively "Bank Defendants") [Docket

No. 36].  Hearing on the motions was held on November 1, 2011, at the United States

Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.  The motions have been

referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1).  It is

the court's determination herein that the motion to dismiss by defendant Shapiro & Zielke, LLP

("Law Firm") should be granted, and the motion to dismiss by the Bank Defendants should be

granted.

**Pleadings and Claims**

Plaintiffs in this case are persons who either individually, or as husband and wife,

executed promissory notes and mortgage documents relating to the purchase of real property

which subsequently became subject to non-judicial foreclosure proceedings.  The Bank

Defendants are mortgagees, assignees of mortgages, or trustees that commenced the

foreclosures, and Shapiro & Zielke is identified as a law firm that conducted the foreclosure

proceedings on the Iverson, Simmer, and Owens properties.

The amended complaint specifically alleges the existence of promissory notes,

mortgages, and the identities of particular plaintiffs, lenders, and parties involved in the

mortgages with respect to each property.[1]  The amended complaint next contains a series of

general allegations relating to possession, enforcement, and legal title to the original promissory

notes, further making allegations as to legality and enforceability of mortgage instruments which

are not accompanied by original promissory notes.  Thereafter, the amended complaint provides

allegations regarding mortgage assignment and/or foreclosure processes with respect to each

---

[1]  Legal descriptions are provided for Iverson property, Simmer property, Wiedewitsch property, Owens property, Johannsen property, Nelimark/Peterson property, LeClair property, Busch property, and Block property.

particular property.[2]

Finally, the amended complaint alleges 13 causes of actions in which the

defendants to each count are specifically named, but any particular plaintiff(s) on the claim are

not always identified.[3] Count I alleges a claim for "Quiet Title" against the Bank Defendants;

Count II asserts a claim titled "Defendants Are Not Real Parties in Interest" against the Bank

Defendants; Count III asserts a claim titled "Defendants Do Not Have Legal Standing to

Foreclose Mortgages" as to the Bank Defendants; Count IV alleges "Slander of Title" against the

Bank Defendants and the Law Firm; Count V alleged "Conversion" by the Bank Defendants and

the Law Firm; Count VI alleges "Unjust Enrichment" against the Bank Defendants; Count VII

alleges "Civil Conspiracy" against the Bank Defendants and the Law Firm; Count VIII alleges

"Breach of Fiduciary Duty" by the Bank Defendants; Count IX alleges "Fraud" against the Bank

Defendants; Count X alleges "Negligent Misrepresentation" by the Bank Defendants and the

Law Firm; Count XI alleges fraud by the Law Firm with respect to the Iverson, Simmer, and

Owens foreclosures; Count XII alleges "Equitable Estoppel" as to the Bank Defendants and the

---

[2] Excepting the Nelimark/Peterson property which is not discussed in the amended complaint outside of the introductory allegation providing a legal description of the property and asserting the existence of a promissory note and mortgage.

[3] This categorical pleading leaves the plaintiffs' intent as to the particular parties to a count unclear. For example, it is alleged that Wells Fargo was the original mortgagee as to some properties, and in other instances Wells Fargo obtained the mortgage by assignment. Wells Fargo was described as a trustee in regards to the Busch foreclosure, and there is no allegation of Wells Fargo's involvement with the Simmer property and the Nelimark/Peterson property. MERS involvement is explicitly alleged as to only the Simmer, Wiedewitsch, Nelimark/Peterson, and Block properties. The role of either defendants MERSCORP, Inc. or defendant HSBC Bank USA, N.A. in this matter is completely unexplained as to any particular property. Nonetheless, these entities are accepting the moniker of "Banking Defendants" and are defending this action in common, with joint representation.
The Law Firm is named as a defendant in several counts but specific plaintiffs are referenced in only the Count X negligent misrepresentation claim and the Count XI fraud claim.

Law Firm; and Count XIII asserts a claim for "Accounting" demanded from the Bank Defendants.

On motion to dismiss the Bank Defendants argue that the essence of plaintiffs' complaint and the common thread running through the actions on the various properties is the legal contention that no legal right to foreclose on their properties existed because the Bank Defendants did not possess the promissory notes that were secured by the respective mortgages. The Bank Defendants further assert that the complaint fails to meet the minimal pleading specificity requirement under Fed. R. Civ. P. 8, and fails to allege facts sufficient to support the claims as necessary to survive a Rule 12(b) motion to dismiss for failure to state a cause of action.  The Law Firm similarly moves to dismiss on grounds that the complaint fails to state a plausible claim for relief because the claims rely upon a premise regarding possession of the promissory note that has been repeatedly and uniformly rejected as a matter of law.  The Law Firm also argues that a fraud claim has not been stated with the particularity required under Fed. R. Civ. P. 9(b).  In opposing the motions to dismiss the plaintiffs contend that defendants incorrectly apply the decision in Jackson v. Mortgage Electronic Registration Systems, 770 N.W.2d 487 (Minn. 2009) as a bar to this action; the complaint is adequate to meet the notice pleading requirements of Rule 8; and fraud is pled with the sufficient particularity to satisfy Rule 9(b).  Moreover, plaintiffs insist that this is quiet title action which is properly brought under Minn. Stat. § 559.01[4] and is not properly dismissed for failure to state a claim under

---

[4]  Minn. Stat. § 559.01 provides:

> Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties,

circumstances in which the plaintiff has possession of the property, and it is the defendants' burden to prove the validity of their adverse interest.

      **Standard of Review.**  A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible.  Twombly, 127 S.Ct. at 1974.  When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 127 S.Ct. at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote.  Id. at 1965.  However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

      When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment.  However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967

---

respectively.

F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D.

Minn. 1996)).  See also  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).

 In this matter the moving defendants have submitted affidavits with exhibits along

with their motions and memorandums.  To the extent that the exhibits consist of case opinions

and court filings the court takes judicial notice of the materials.  As to mortgage documents and

foreclosure materials which are submitted with the Declarations of Kristine M. Spiegelberg

Nelson[5] and Michael J. Steinlage,[6] it is arguable that the submissions are necessarily embraced

by the pleadings, but the court has not considered the exhibits in its review and decision on the

motions to dismiss.  However, the court has considered exhibits presented in the Declaration of

Evan Fetters[7] which are quoted in the amended complaint and are necessarily embraced in

pleading.  The motions are not being treated as Rule 56 summary judgment motions.

**Legal Theory**

 The legal position that permeates the amended complaint in this action, and is

alleged either expressly or by incorporation to be the underlying basis for each and every count,

is the assertion that a mortgagee cannot undertake foreclosure without possession of the original

note.  It is not the law in Minnesota that possession of a promissory note is necessary for

foreclosure by advertisement.  Jackson v. Mortgage Electronic Registration Systems, 770

N.W.2d 487.  The plaintiffs' theory has been soundly and repeatedly rejected in this district,

---

[5] [Docket No. 31].

[6] [Docket No. 46].

[7] [Docket No. 59].  The exhibits attached to the Declaration of Evan Fetters are an
Assignment of Mortgage with respect to the Wiedewitsch property and an Assignment of
Mortgage on the Simmer property.

even in the face of evolving complaints and efforts by plaintiffs' counsel to recast the claims.

See Murphy v. Aurora Loan Services, LLC., 2012 WL 104543, *3 (D.Minn., January 12, 2012)

(Dist. Ct. Civ. File No. 11-2750 ADM/JJK) (discussing Jackson and citing several recent District

of Minnesota opinions rejecting the "show-me-the-note" legal theory.)  Furthermore, the

separation of the right to enforce a mortgage from possession of the promissory note, as

sustained in Jackson, was fully recognized and applied in Stein v. Chase Home Finance, LLC.

662 F.3d 976, 980  (8th Cir. 2011).

**Law Firm Motion to Dismiss**

        This action was initially commenced in Hennepin County District Court and was

removed to federal court on diversity grounds.[8]  The removal expressly acknowledged that

Shapiro & Zielke, LLP, a non-diverse defendant, had participated in foreclosure by

advertisement actions upon plaintiffs' mortgages, but asserted that the law firm had been

fraudulently joined in this action despite the absence of any effective cause of action against it.

Plaintiffs thereafter moved to remand the action to state court.[9]  The parties briefed and argued

the fraudulent joinder issue and an Order denying the motion to remand was issued on October

25, 2011.[10]

        On motion for remand the court reviewed and considered the amended

complaint[11] and expressly held that the law firm had not been effectively accused of any action

---

[8] [Docket No. 1].

[9] [Docket No. 13].

[10] [Docket No. 62].

[11] [Docket No. 52].

rising to the level of affirmative misrepresentations to the plaintiffs regarding the bank

defendants' right to foreclose plaintiffs' mortgages. The court further concluded that as a matter

of law the plaintiffs' claims against the Law Firm were "predicated on the legal fiction that only

the holder of a promissory note may foreclose on a mortgage. (*See* Am. Compl. ¶ 15)" as had

been firmly established in Jackson v. Mortgage Electronic Registration Systems, 770 N.W.2d

487. The motion to remand was denied on the basis of fraudulent joinder.

      The procedural circumstances in this instance are essentially indistinguishable

from those presented in Butler v. Bank of America, N.A., 2011 WL 2728321 (D.Minn., July 13,

2011)[12] The court therein considered the matter of fraudulent joinder of a law firm on motion to

remand and further considered a motion to dismiss by the law firm. The motion to remand was

denied on grounds that the law firm had been fraudulently joined because the legal theory for the

claim against the firm lacked any reasonable basis under Minnesota law. Butler at *3. On the

law firm's contemporaneously presented motion to dismiss the court concluded that dismissal

was appropriate where the claim depended upon the discredited legal theory that only the holder

of the underlying promissory note can foreclose on a mortgage. Likewise, in motions to remand

and dismiss recently decided in Murphy v. Aurora Loan Services, LLC., the court reached the

conclusion that removal from state court was proper where a law firm had been fraudulently

joined to defeat diversity and that the claims were based upon the legal fallacy that foreclosure

by advertisement is unlawful without possession of the note. Murphy, 2012 WL 104543, *3

---

    [12]  Dist. Ct. Civ. File No. 11-461 DWF/TNL. Plaintiff in the cited case, William B.
Butler, also served as counsel in that case and is counsel for the plaintiffs in this matter, as well
as Murphy, Stein, and additional closed and pending foreclosure cases.

(D.Minn., January 12, 2012)[13].  Again, the court determined that dismissal was required for the same reasons that remand was denied, as well as holding that the law firm had immunity for conduct that was alleged, and plaintiff had failed to allege specific facts necessary to sustain claims for misrepresentation or fraud.  Id. at *4.[14]

The counts against the Law Firm that are stated in the amended complaint in this matter are premised on a fatally defective legal theory and therefore fail to state a cause of action.  The slander of title count alleges liability based upon the contention that the defendants published foreclosure notices that were false because the defendants were not holders in due course of the original notes; Count V alleges conversion because defendants were not entitled to enforce the original notes; civil conspiracy is alleged on the basis of underlying conversion, fraud, and negligent misrepresentation claims derived from defendants' purported misrepresentations as to their status as holders in due course of the original notes; and an equitable estoppel claim asserts plaintiffs' reliance on defendants' alleged representations that they held the original notes.  As previously determined on motion to remand, the court again concludes that each of the claims against the Law Firm rely upon a fictitious legal theory regarding the need to possess the note to enforce a mortgage, and herein determines that all claims against the Law Firm should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  The court further concludes that the Count XI fraud claim against the Law Firm fails to state the claim with

---

[13]  Dist. Ct. Civ. File No. 11-2750 ADM/JJK.

[14]  The general allegations and counts contained in the amended complaint under review in Murphy v. Aurora Loan Services, LLC. are substantively identical to those contained in the amended complaint is this case, including the same six counts against a law firm.  The amended complaint is essentially a form document.  In her written decision Judge Montgomery stated, ". . . baseless cases like this one brought by Mr. Butler detract and distract from serious, legitimate claims."

the particularity required by Fed. R. Civ. P. 9(b) and is properly dismissed on that ground as well.  Murphy, 2012 WL 104543 at *3 (citing United States ex. rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006)).

**Bank Defendants' Motion to Dismiss**

The Bank Defendants are named as parties in 12 of the 13 counts in this action. The fatal defect in the amended complaint has been recited above with respect to claims against the Law Firm, and the reason for dismissal of each of those claims, reliance on a rejected legal theory, applies equally to the Bank Defendants.  As to remaining claims, plaintiffs' quiet title action alleges mortgage invalidity on the basis of various assertions that are wholly unsupported by facts, and to the extent that plaintiffs have factually alleged that defendants do not possesses the original notes, they have no cause of action.  The claims that "Defendants Are Not Real Parties in Interest" and "Defendants Do Not Have Legal Standing to Foreclose Mortgages," also rely on the mistaken notion that enforcement of a mortgage requires possession of the note and, in any event, those claims are not legally cognizable claims in Minnesota.  Murphy at*3. Likewise, claims for unjust enrichment, breach of fiduciary duty, and fraud are explicitly based upon the incorrect contention that mortgages are not enforceable without possession of the note. Plaintiffs' Count XIII claim for an accounting by the Bank Defendants is derived from other counts which fail to state a cause of action and the demand is therefore without a legal basis as well.  Plaintiffs have failed to state a claim upon with relief can be granted as to the Bank Defendants and dismissal pursuant to Rule 12(b)(6) is appropriate.  In addition, plaintiffs' Count IX fraud claim against the Bank Defendant fails to allege fraud with the heightened particularity required under Rule 9(b) and should be dismissed for that reason also.

**Quiet Title**

10

While steadfastly maintaining the position that the claims in this matter are not barred under the holding in <u>Jackson v. Mortgage Electronic Registration Systems</u>, 770 N.W.2d 487, plaintiffs insist that this action is not a "show me the note" case, but rather, it is a quiet title action for which the burden of pleading has been satisfied.  Specifically, plaintiffs contend that possession of property by the plaintiff and an adverse interest by the defendant provide sufficient basis for quiet title action, and those fact claims have been alleged.

The fact of plaintiff's possession of property does not appear to be disputed.  However, in asserting defendants' adverse interest the amended complaint merely makes the conclusory legal statement that defendants' mortgage liens are invalid, followed by a list of seven legal defects which are likewise legal rather than fact assertions.  In considering the list the court concludes that separate claims that mortgage liens are invalid because: (1) defendants are not in possession of the original notes, (2) defendants are not entitled to enforce the original notes, (3) defendants are not holders of the original notes, and (4) defendants are not holders in due course of the original notes, each assert some variation of the debunked "show me the note" legal theory and as a matter of law do not constitute support for an adverse interest allegation.  Remaining alleged grounds for lien invalidity whereby: (1) the mortgages are not properly perfected and (2) specified documents were not executed by an authorized individual, may constitute challenges to foreclosure but do not state a basis to invalidate mortgages or provide quiet title relief and therefore do not constitute an adverse interest allegation or support for such an allegation either.  Finally, the contention that mortgages are unenforceable because the assignments of plaintiffs' mortgages were invalid is also a factually unsupported statement.  To

11

the extent that particular properties and assignments are indicated in the amended complaint,[15]

plaintiffs again fail to provide any factual support, instead relying upon conclusory allegations

that each "assignment falsely purports to transfer rights in the original Note."  While the

allegations recite the purportedly offending assignment language, defendants correctly point out

the absence of any statement of factual grounds for the claim of falsity with regard to the

Iverson, Owens, and Busch mortgages.[16]  As to the Simmer mortgage assignment, the amended

complaint states that the assignment falsely purports to transfer rights in the original note

because "MERS has never had any rights, title or interest in the original Note and has no

authority to transfer any rights."[17]   Review of the assignment[18] itself fails to reveal such

purported transfer of interest in the original note and therefore no factual support exists for a

claim of false statement.  Finally, with respect to the Wiedewitsch assignment, the document

purports to transfer nothing more that the assignor's rights in the mortgage, and in any event, the

claim of falsity in regards to the assignment does not provide grounds to invalidate the mortgage

as plaintiff seeks for his quiet title relief.  Plaintiffs claim for relief on a quiet title action fails as

a matter of law.

## RECOMMENDATION

It is **hereby recommended** that:

---

[15]  The Bank Defendants identified pertinent amended complaint allegations regarding specific properties at ¶¶ 41, 45, 46, 49, and 55.  Reply Mem. in Support of Bank Defendants' Mot. to Dismiss, page 10.

[16]  ¶¶ 41, 49, and 55, respectively.

[17]  ¶ 45.

[18]  Decl. of Evan Fetters, Ex. 2 [Docket No. 59].

    1.  Defendant Shapiro & Zielke, LLP's Motion to Dismiss [Docket No. 28] be

**granted**; and

    2.  Bank Defendants' Motion to Dismiss Plaintiffs' Complaint [Docket No. 36] be

**granted**.


Dated:  February 6, 2012


        s/Arthur J. Boylan
        Arthur J. Boylan
        United States Chief Magistrate Judge



   Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 21, 2012.

   Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.